FILED
CHARLOTTE, NC

FEB 2 6 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
-----------------------------------------------------X
SHAWNTE R. WORD,

              Plaintiff,

    -against-

CHARLOTTE MECKLENBURG SCHOOLS
and DANIEL SHANE GRAY, individually,
and STEVEN ESPOSITO, individually
And Kaz Muhammad, individually

           Defendants.
-----------------------------------------------------X

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

3:25-CV-143-KDB

1. Plaintiff Shawnte R. Word (hereinafter Word) hereby complains about Defendant Charlotte Mecklenburg Schools, Daniel Shane Gray, Principal, S. Esposito Assistant Superintendent, and Kaz Muhammad, Assistant Principal (collectively "Defendants"). This is a JOINT AND SEVERAL LIABILITY Complaint. Plaintiff avers Charlotte Mecklenburg Schools (hereinafter CMS) is a public school system operating as the largest school district in its region; whereby Gray functioned in the capacity of a school principal under the direct supervision of S. Esposito a Community Superintendent, and Kaz Muhammad in the capacity of an Assistant Principal, directly under the supervision of Gray. Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

2. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391 because Defendants are located in and the events giving rise to this claim occurred in this district.

**PARTIES**

4. Plaintiff, Word is an individual residing in Mecklenburg, North Carolina, who was employed by Defendants as a fifth-grade teacher at Hidden Valley Elementary.

5. Hidden Valley Elementary (hereinafter HVE) is a public educational institution operating under CMS schools in the State of North Carolina.

6. Defendant, CMS is a governmental entity responsible for the administration and oversight of public schools in Mecklenburg, North Carolina.

7. Defendant Daniel Shane Gray, was at all times Plaintiff's principal at HVE.

8. Defendant S. Esposito, was at all times, and during multiple unannounced visits to Plaintiff's classroom, the Community Superintendent and the direct superior of Daniel Shane Gray.

9. Kaz Muhammad, was at all times Plaintiff's Assistant Principal and appointed observer.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On or about April of 2023, Plaintiff filled a Charge of Discrimination alleging Discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). The Charge was assigned number 430-2023-01420.

11. Plaintiff had requested a Notice of Right to Sue letter from the EEOC because more than 180 days have passed since the filing of her Charge of

Discrimination, but did not receive it until on or about November 26, 2024, with an instruction to file within 90 days culminating on February 26, 2025.

**FACTUAL ALLEGATIONS**

12. Plaintiff was employed by Defendants on or about July 2021 to June 2022 as a classroom teacher.

13. During Plaintiff's employment, Plaintiff was subjected to a hostile work environment, workplace bullying, retaliation and discrimination based on race and gender, in violation of Title VII of the Civil Rights Act of 1964 and North Carolina public policy.

14. Plaintiff complained about discriminatory treatment to Defendants' administration, for nearly 5-6 months, with no reprieve and no corrective action taken.

15. On more than one occasion Plaintiff was subjected to being reference as "a Black bitch" by Defendant Gray.

16. On multiple occasions Defendant Gray used the word "nigger" intentionally demeaning Plaintiff and co-worker it was directed at

17. Plaintiff avers she became frightened when Defendant Gray became physically threatening by pounding his fist on the desk, face bet red screaming at her saying "no Black nigger is going to ruin my last 5 years I have to retirement.

18. Plaintiff avers her PTSD was triggered when Defendant ray sent an employee to threaten her in front of two other co-workers

19. Plaintiff avers that Defendant Gray and Muhammad were using school wide cameras to stalk Plaintiff and co-worker (as we were notified by office administration).

20. Plaintiff avers that Defendant Gray became unhinged and enraged when Plaintiff reported an inappropriate sexual relationship between Gray and a fifth-grade student. Plaintiff in

accordance with the mandated reporting laws called into to report it AFTER it came out of the student's mouth confirming what the previous fourth grade teachers had suspected, but failed to report for fear of retaliation.

21. Plaintiff avers after being threatened by Gray to retract her statements to CMPD and social services, his violent temper became nearly physical after he ponded his fist on the table yet again, turning beet red threatening termination if I did not retract report of him allegedly having an inappropriate relationship with a fifth grader in my class.

22. Plaintiff avers this same fifth grader became verbally abusive ad physically threatening to do bodily harm to me, and received no consequences for her actions.

23. Plaintiff avers after such acrimonious and contentious displays of hostile threats of physical and bodily harm she refused to meet alone with Defendant Gray

24. Plaintiff avers that at this time Defendant Muhammad began setting Plaintiff up with multiple ambushes of soliciting her help under ill intent, to lead her to a lascivious man who has consistently spoken vulgarity towards her and condoned student's physical threats of violence towards me. only to deliver her into the abusive hands of Defendant Gray.

25. Plaintiff avers that after a student in her class was caught with gun, and was allowed to return to school with no compliance of a threat assessment completed prior to his return; Plaintiff felt severely uncomfortable with him in the class and asked what safety measures were in place, when none were cited, I requested he be transferred out f m class. I w then told by Defendant Muhammad I would teach him or be red make the choice.

26. On another occasion Plaintiff was threatened by a student that "I will kill you and make sure you never wake up again".

27. Plaintiff avers she reported this in writing to both Defendant's Gray and Muhammad and nothing was done. Plaintiff refused to return to classroom until action was taken. Plaintiff had to file a criminal complaint against student in order to remove her from the school.

28. Plaintiff avers that Muhammad once again lured her into a hostile confrontation by luring me into the room of the student and mother that voiced the death threat towards me. Unfortunately, this would not be the only time Defendant Muhammad placed Plaintiff in such danger.

29. Plaintiff avers that Muhammad once gain falsely stated his intent with deliberate malice, when Plaintiff was told a parent wanted to meet, as he came to my classroom and waled me up to the front conference room. Upon Plaintiff's arrival, it was reveled that t was the mother of the student in which Plaintiff reported that Defendant Gray was allegedly having an inappropriate sexual relationship.

30. Plaintiff avers that she aske that Defendant Muhammad remain present through the meeting in its entirety and he state "no, you will do it alone".

31. Plaintiff avers that the mother was hostie and violent; as she began screaming jumping up from the table and nocking over the chair spewing threats of beating my ass.

32. Plaintiff avers that Defendant Esposito willfully and wantonly engaged in n proper activity in his scope of duty. Defendant Esposito enjoined with Defendant Gray, and at times Muhammad, came to my classroom with ill intent. Constant and persistent "observations" with no proper process as the state of Noth Carolina deems necessary in order for it to count towards a teacher's portfolio. It was clear they wert her to intimidate Plaintiff. This w confirmed by Defendant Muhammad saying, "they were just trying to find something, anything on you and they are there to intimidate you"

33. Defendant Esposito came into my class so many times Plaintiff lost count. However, he was never alone, he either came with Defendant Gray or an entourage of other staff. Such as the day he, Gray, Muhammad, the Science chair o the school, a teacher who wants "to be a principal" but was not in her practicum" all in my room at the same time allegedly observing me, with no follow up, written or verbal.

34. Defendant CMS was notified at all times of discriminatory and retaliatory action. Plaintiff continuously called leaving messages and never receiving a response or assistance in this matter.

35. Plaintiff avers that it would not be until nearly 5-6 moths later that Defendant CMS would finally provide some form of assistance.

36. Plaintiff avers that Defendant CMS at initial zoom video stated "I apologize we really dropped the ball on this one,"

37. Plaintiff avers that Defendant CMS id allegedly conduct an investigation, however Defendant Gray only complied for three days and he was right back to engaging in the same illegal conduct.

38. In retaliation for Plaintiff's complaints, Defendants engaged in adverse employment actions, including but not limited to, failure to pay wages earned, an unjustified and groundless suspension, culminating in a forced resignation.

39. Defendants also failed to pay Plaintiff in accordance with federal and state wage laws, including: a. Enlisting Plaintiff to work overtime without proper compensation, in violation of the FLSA, 29 U.S.C. § 207. b. Unlawfully deducting wages or failing to compensate for all hours worked, in violation of N.C. Gen. Stat. § 95-25.6.

## CLAIMS FOR RELIEF

## COUNT I

## DISCRIMINATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e, et seq.)

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Defendants subjected Plaintiff to a hostile work environment based on Plaintiff's race and sex.

42. Defendants' illegal conduct proximately caused Plaintiff's injuries. Such conduct has caused Plaintiff lost wages, emotional distress, and other damages.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-3(a))

43. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

44. Plaintiff engaged in protected activity by complaining about discrimination.

45. Defendants conduct violated Human Rights Laws.

46. Defendants created a hostile work environment based on Plaintiff's race and female sex.

47. Defendants' illegal conduct proximately caused Plaintiff's injuries and suffrage of damages.

## COUNT III

## VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. § 207)

48. Defendants failed to pay Plaintiff overtime wages as required by 29 U.S.C. § 207.

49. Defendants knowingly and willfully violated the FLSA, an has been known to make this a habitual action against past employees (resulting in Plaintiff asking for treble damages)

50. Plaintiff is entitled to unpaid wages, liquidated damages, and costs under 29 U.S.C. § 216(b).

## COUNT IV

## VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT (N.C. GEN. STAT. § 95-25.1, et seq.)

51. Defendants failed to compensate Plaintiff for all wages earned in accordance with N.C. Gen. Stat. § 95-25.6.

52. Plaintiff has suffered financial harm as a result.

## COUNT V

## RETALIATION IN VIOLATION OF TITLE VII

53. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs. Plaintiff engaged in protected activity under Title VII.

54. Because of this protected activity, Defendants took adverse actions against Plaintiff, including but not limited to her termination of employment, conduct that would sufficiently deter a reasonable person from engaging in protected activity.

55. Defendants' illegal conduct proximately caused Plaintiff's injuries

## COUNT V

## RETALIATION IN VIOLATION OF NORTH CAROLINA HUMAN RIGHTS LAW

56. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

57. Plaintiff engaged in protected activity under the North Carolina Human Rights Law.

58. Because of this protected activity, Defendants took adverse actions against Plaintiff, including but not limited to her forced termination of employment, conduct that would sufficiently deter a reasonable person from engaging in protected activity.

59. Defendants' illegal conduct proximately caused Plaintiff's injuries.

## COUNT VI

## DEPRIVATION OF EQUAL PROTECTION OF LAWS PURSUANT TO 42 USC § 1983

## AS AGAINST DEFENDANT GRAY

60. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

61. Defendant Gray, acting under color of state law, deprived Plaintiff of federally protected rights secured by the Fourteenth Amendment of the U.S. Constitution, as well as rights secured by 42 USC §2000e, et seq., with reckless and/or callous indifference, and in doing so was motivated by evil intent.

62. Defendant Gray's conduct proximately caused Plaintiff's injuries.

## AS AGAINST DEFENDANT ESPOSITO COMMUNITY SUPERINTENDENT

63. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

64. Defendant Esposito, acting under color of state law, deprived Plaintiff of federally protected rights secured by the Fourteenth Amendment of the U.S. Constitution, as well as rights secured by 42 USC §2000e, et seq., with reckless and/or callous indifference, and in doing so was motivated by evil intent.

65. Defendant Esposito's conduct proximately caused Plaintiff's injuries.

<u>AS AGAINST DEFENDANT MUHAMMAD</u>

66. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

67. Defendant Muhammad, acting under color of state law, deprived Plaintiff of federally protected rights secured by the Fourteenth Amendment of the U.S. Constitution, as well as rights secured by 42 USC §2000e, et seq., with reckless and/or callous indifference, and in doing so was motivated by evil intent.

68. Defendant Muhammad's conduct proximately caused Plaintiff's injuries.

## <u>COUNT VII</u>

### <u>NEGLIGENT HIRING, SUPERVISION AND RETENTION AS AGAINST DEFENDANT CHARLOTTE MECKLENBURG SCHOOLS</u>

69. Plaintiff hereby alleges and incorporates by reference the preceding paragraphs.

70. Defendant CMS was aware of Gray, Esposito, and Muhammad's propensity to discriminate and retaliate against Plaintiff based on her race and sex including his lengthy history of creating a hostile work environment and inducing work

Feb 25, 2025

Shaunte Word
(704) 222-0234
Troublesssed572003@gmail
Pro Se

place bullying with other subordinates (simultaneously) and students, prior to the time he discriminated and retaliated against Plaintiff.

71. Defendant CMS, through its supervisory officials, was aware of Defendants Gray, Esposito, and Muhammad's illegal treatment of Plaintiff and by doing nothing to stop it during the duration of approximately 5-6 months, it condoned and encouraged the abuse and torment against Plaintiff.

## **JURY DEMAND**

72. Plaintiff demands trial on all issues triable by a jury.

WHEREFORE, Plaintiff respectfully asks this Court for judgment sufficient to compensate her for her compensatory damages of lost wages, emotional distress, and other harms; psychic injuries, humiliation, suffering, and to provide necessary treatment, liquidated damages under the FLSA; punitive damages where applicable; and to punish Defendants for their violation of the law and to deter similar violations in the future, and such additional relief as this Court may deem just and proper.

Dated: February 25, 2025

Respectfully _Shawnte Word_

Shawnte Word
7625 Petrea Ln
Charlotte, NC
(704) 222-0234

Pro Se Attorney