IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00143-KDB-DCK

| | |
|---|---|
| SHAWNTE R. WORD,<br><br>Plaintiff,<br><br>v.<br><br>CHARLOTTE MECKLENBURG SCHOOLS,<br>STEVEN ESPOSITO,<br>DANIEL SHANE GRAY, AND<br>KAZ MUHAMMAD,<br><br>Defendants. | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Defendant Daniel Shane Gray's Motion to Dismiss (Doc. No. 8). On September 9, 2025, the Court issued a Roseboro notice, directing Plaintiff to respond to the Motion on or before September 26, 2025. *See* Doc. No. 10. Plaintiff has failed to respond to the Motion, and the time to do so has elapsed.[1] However, after carefully considering this motion and all the attendant circumstances, the Court will **DENY** the motion without prejudice based on Plaintiff's good faith and reasonable efforts to effect service, which merit allowing her a short period of additional time to serve Defendant Gray.

I.     LEGAL STANDARD

Prior to the exercise of personal jurisdiction, a Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.*, 484 U.S. at 104; *see also ESAB*

---

[1] While Plaintiff filed a Motion for Extension of Time for Service of Process as to Charlotte Mecklenburg School District and Steven Esposito on September 11, 2025–which this Court granted–she did not likewise request an extension of time to serve Defendant Gray. *See* Doc. No. 11.

1

*Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003). While Plaintiff is proceeding *pro se*, she still must comply with the Federal Rules of Civil Procedure with respect to service of process. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–52 (1984).

However, "under [Fed. R. Civ. P.] Rule 4(m), a district court possesses discretion to grant [a] plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 219–20 (4th Cir. 2022). *See also Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC*, No. 3:14-CV-00307-MOC, 2015 WL 1893839, at

*5 (W.D.N.C. Apr. 27, 2015) (citing *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993)) ("Federal courts are here to resolve cases on the merits, to avoid procedural defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct.").

## II. FACTS AND PROCEDURAL HISTORY

Between July 2021 and June 2022, Plaintiff Shawnte Word served as a fifth-grade teacher at Hidden Valley Elementary ("HVE"), a school in the Charlotte-Mecklenburg School District ("CMSD"). Doc. No. 1 at ¶¶ 4-5. Word alleges that, during her tenure, she was subjected to a hostile work environment, workplace bullying, retaliation, and discrimination because of her race and gender, by individual defendants Steven Esposito, Kaz Muhammad, and Daniel Gray. *Id.* at ¶¶ 13, 15–16, 19, 32. Word further alleges that despite reporting these incidents over a period of five to six months, CMSD failed to take corrective action. *Id.* at ¶ 14. She also alleges that multiple students made her feel unsafe, and that, as with her prior complaints, no remedial measures were undertaken. *Id.* at ¶¶ 20, 22, 25–27.

Following these reports, Word alleges she was suspended, denied wages owed, and ultimately "forced" to resign. *Id.* at ¶ 38. In April 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation. *Id.* at ¶ 10. After receiving a Right to Sue Letter, on February 20, 2025, Word, acting pro se, filed the present suit against Gray, Esposito, and Muhammad in their individual capacities, as well as CMSD (collectively, "Defendants"), alleging claims for discrimination in violation of Title VII; retaliation in violation of Title VII and the North Carolina Human Rights Law; violations of the Fair Labor Standards Act and North Carolina Wage and Hour Act; deprivation of equal protection under 42 U.S.C. § 1983; and negligent hiring and retention. *Id.* at 7–11.

3

Case 3:25-cv-00143-KDB-DCK    Document 13    Filed 10/09/25    Page 3 of 6

On July 3, 2025, Word moved for an extension of time to serve Defendants, and the Court granted that request. On September 8, 2025, Defendant Gray filed a Motion to Dismiss for improper service. *See* Doc. Nos. 7–9. On September 9, 2025, the Court issued a Roseboro notice to Word, directing her to respond to the Motion. *See* Doc. No. 10. That same day, Word moved for a second extension of time to effect service on CMSD and Steven Esposito, which the Court also granted.[2] Doc. No. 11. Word has not responded to the Motion to Dismiss, and the time for doing so has expired. The motion is now ripe for this Court's review.

### III. DISCUSSION

Defendant Gray moves to dismiss Word's Complaint under Rule 12(b)(4) of the Federal Rules of Civil Procedure, alleging that Word failed to serve him in accordance with Federal Rule 4(e). To properly effect service of process, Federal Rule of Civil Procedure 4(e) allows for service of a summons and complaint on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

---

[2] Plaintiff also attaches what appears to be proof of service for Kaz Muhammad and Daniel Gray to this motion. *See.* Doc. No. 11-1 at 1.

North Carolina law, in turn, allows for the service of process upon a natural person "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. R. Civ. P. 4(j)(1)(c).

Gray argues that Word's service of process was inadequate under Rule 4(e) and North Carolina law, because the Summons and Complaint were sent via certified mail to a CMSD middle school, an address where Gray does not reside. The Court agrees. Word's attempts at service of the Complaint do not fall within any of the circumstances of service authorized for service of an individual under either federal or North Carolina law. Mailing a copy of a summons and complaint to a person's place of business is not equivalent to service at an individual's residence. *See Greenup v. Register*, 410 S.E.2d 398, 400 (1991) (jurisdiction was not obtained over defendant where evidence established that the place of service was defendant's place of business and not a place of residence). Nor has Word shown that "Nancy Mallon" was "authorized by appointment or by statute to be served or to accept service in his behalf." *See.* Doc. No. 11-1 at 1. Therefore, Word has not yet properly served Defendant Gray.

However, in keeping with the overriding interest in elevating substance over form and deciding cases on the merits, Rule 4(m) provides that if a plaintiff (particularly one who is proceeding pro se) shows good cause for her failure to serve a defendant within 90 days after the complaint is filed then the "court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the Court finds that Word's attempt to serve Defendant Gray at the middle school in which he works reflects a good faith and reasonable effort at service, even though those efforts don't comply with the rules. Therefore, the Court may not dismiss this action based on

Word's failure to properly serve him and will instead give Word twenty-one days from the date of this Order with which to effect proper service of process.

## IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 8) is **DENIED without prejudice**; and

2. Plaintiff is directed to effect service on Defendant Gray and file the required proof of service with the Court within twenty-one (21) days.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 9, 2025

Kenneth D. Bell
United States District Judge